Filed 5/9/14  P. v. Becerra CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058799 |
| v. | (Super.Ct.No. RIF1206627) |
| MARTIN BECERRA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey J. Prevost, Judge.

Affirmed in part with directions.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Brendon

W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Martin Becerra of two counts of lewd and lascivious

acts upon a minor under the age of 14 (counts 1 & 3; Pen. Code, § 288, subd. (a)),[1] one count of a lewd and lascivious act by force upon a minor under the age of 14 (count 2; § 288, subd. (b)(1)), and one count of a lewd and lascivious act upon a minor of 14 or 15 years of age (count 4; § 288, subd. (c)(1)). The jury additionally found defendant had been convicted of sexual offenses against more than one victim pursuant to section 667.61, subdivision (e)(4). The court sentenced defendant to a two-year determinate term of imprisonment and an indeterminate term of 30 years to life.

On appeal, defendant contends insufficient evidence supports his conviction on count 2 for an aggravated lewd and lascivious act. Defendant additionally maintains the abstract of judgment must be corrected to reflect the sentencing court's pronouncement on the restitution and revocation of parole fines and to reflect the correct dates of defendant's offenses. The People agree with defendant's arguments regarding the abstract of judgment. We shall order the lower court to correct the abstract of judgment, but affirm the judgment in all other respects.

FACTUAL HISTORY

Jane Doe No. two (JD2) (born February 1996) testified that five or six years earlier she was living with her mother in Reno, Nevada. She would visit defendant, her father, in Corona and Riverside, California during summer vacations. When she was "really young," defendant would have she and her sister undress so he could "check" their genitals with his hands for "infections."

---

[1] All further statutory references are to the Penal Code.

2

Once, when JD2 was 12 years old, defendant came into the room in which she was sleeping and made her grab his penis. He had her masturbate him. He told her to move her hand up and down on his penis. Defendant grabbed JD2's hand and showed her how to do it. She did it because defendant was her father and he told her to do it. Defendant was much taller and a lot stronger than she. When JD2 started to cry, defendant stopped. He told her not to tell anyone. Defendant apologized for making JD2 grab his penis.

When JD2 was 14 years old, in the summer of 2011, she was wrestling with defendant when he grabbed her breast and touched her gentials on top of her clothing. She had to tell him twice she did not like playing like that. JD2 tried to push defendant off her twice. She ended up biting him in order to make him stop.

Jane Doe No. one (JD1) (born June 1997) testified that in the summer of 2010, when she was 13, defendant, her father, came into the room when she was sleeping and touched her breast under her clothing and "[i]n my vagina." He rubbed the surface of her vagina for several minutes. Defendant told JD1 he was doing so because he loved her. JD1 cried because she was scared.

In an interview with police, defendant reported that he grabbed or squeezed JD2's genitals while they were play fighting in retaliation for JD2 having bitten or hit him.[2] He once checked her vagina for an infection when she was 10 years old. Defendant denied having JD2 masturbate him.

---

[2] The People played a video and audio recording of the interview with defendant for the jury.

3

In 2011, he put his hands in JD1's shorts in order to teach her not to let anyone touch her. Defendant accidentally put his finger inside JD1's vagina, possibly out of anger he had for JD1's mother. On one occasion, he put his hands under JD1's shirt and touched her breast. Defendant believed he never should have done this. Defendant told his girls to forgive him and promised he would never do it again. After the interview, defendant wrote apology letters to his daughters.

A. Force or Duress.

Defendant contends insufficient evidence supports his conviction that he committed the count 2 offense with force or duress. We disagree.

"In considering defendant's claim of insufficiency of the evidence of force necessary to affirm his conviction[,] we must determine only whether, on the record as a whole, any rational trier of fact could find him guilty beyond a reasonable doubt. [Citation.] We view the evidence in the light most favorable to the prosecution, and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" (*People v. Griffin* (2004) 33 Cal.4th 1015, 1028.)

Section 288, subdivision (b)(1), proscribes any lewd and lascivious conduct committed "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury." Force in this context must be "'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.' [Citation.]" (*People v. Soto* (2011) 51 Cal.4th 229, 242.) "A number of cases have held that if the defendant grabs or holds a victim who is trying to pull away, that is the use of physical

4

force above and beyond that needed to accomplish the act. [Citations.]" (*People v. Cochran* (2002) 103 Cal.App.4th 8, 13 (*Cochran*).)

"'Duress' as used in this context means 'a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted.' [Citations.] 'The total circumstances, including the age of the victim, and [her] relationship to defendant are factors to be considered in appraising the existence of duress.' [Citation.] Other relevant factors include threats to harm the victim, physically controlling the victim when the victim attempts to resist, and warnings to the victim that revealing the molestation would result in jeopardizing the family. [Citations.] [¶] The fact that the victim testifies the defendant did not use force or threats does not require a finding of no duress; the victim's testimony must be considered in light of her age and her relationship to the defendant." (*Cochran*, *supra*, 103 Cal.App.4th at pp. 13-14.) The discrepancy in age, weight, and size between the victim and the perpetrator may be important factors in determining whether duress existed. (*Id*. at pp. 14, 15.)

Here, JD2 testified defendant "made me grab him." He made her grab his penis. Defendant grabbed JD2's hand and showed her how to masturbate him. Defendant's act of grabbing JD2's hand and forcing her to move it up and down his penis was physical force above and beyond that needed to accomplish the act of masturbation.

Even if not, defendant's acts compelled JD2 to act under duress. JD2 testified defendant was much taller and a lot stronger than she. She was only 12 years old at the

5

time.  Defendant was 42 or 43 years old.  She performed the act only because defendant was her father, had ordered her to do so, and grabbed her hand to compel the masturbation.  JD2 cried during the lewd act.  Defendant told her not to tell anyone.  These acts demonstrate defendant committed the lewd act with force and fear.  This was substantial evidence from which the jury could infer coercion sufficient to compel a 12-year-old girl to perform an act she would otherwise not do.  Sufficient evidence supports defendant's conviction for an aggravated lewd and lascivious act pursuant to section 288, subdivision (b)(1).

B.  Abstract of Judgment.

Defendant contends the abstract of judgment must be modified to reflect the correct amount of restitution and parole revocation fines, as well as the correct year of the offenses in counts 2 and 3.  The People agree.  We shall direct the superior court to correct the abstract of judgment.

"It is well settled that '[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.  [Citation.]'  [Citation.]  When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, [appellate courts have] the inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties.  [Citation.]"  (*People v. Jones* (2012) 54 Cal.4th 1, 89.)

At the sentencing hearing, the court indicated it was imposing restitution and parole revocation fines of $2,500.  Defense counsel requested the restitution fine be

reduced to the minimum of $240 because defendant would be incarcerated for a long period of time and would, therefore, be unable to pay the larger fine. The court agreed and ordered a restitution fine in the amount of $240. However, both the minute order and abstract of judgment reflect the court ordered restitution and parole revocation fines in the amount of $2500. Thus, the abstract of judgment and sentencing minute order must be corrected to reflect restitution and parole revocation fines of $240. (§ 1202.45 ["[T]he court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."].)

Likewise, JD2's testimony regarding the time defendant committed the count 2 offense established the crime occurred in 2008. However, the abstract of judgment reflects the count 2 offense occurred in 2011. Similarly, JD2's testimony regarding the time defendant committed the count 3 offense established the crime occurred in 2006. However, the abstract of judgment reflects the count 3 offense occurred in 2011. Thus, the abstract of judgment must be corrected to reflect the accurate years in which defendant committed the offenses.

### DISPOSITION

The superior court is directed to correct defendant's sentencing minute order dated May 17, 2013, and the abstract of judgment, to reflect the imposition of $240 fines for restitution and parole revocation. The superior court is additionally directed to correct the abstract of judgment with respect to the years in which counts 2 and 3 were committed; 2008 and 2006 respectively. The corrected abstract of judgment and minute

7

order shall be forwarded to the Department of Corrections and Rehabilitation.  In all other respects, the judgment are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON          </u>
                                                                                             J.

We concur:


<u>RICHLI              </u>
          Acting P. J.


<u>MILLER              </u>
                    J.

8